```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA


CHECKPOINT FLUIDIC SYSTEMS              CIVIL ACTION
INTERNATIONAL, LTD.


VERSUS                                  NO: 10-4505


RAY GUCCIONE, SR., ET AL.               SECTION: R(1)
```

### ORDER AND REASONS

Before the Court is defendant Dyn-O-Mach, Inc.'s motion to dismiss or to sever.[1] Because the Court finds that service of process was sufficient, and Dyn-O-Mach was properly joined as a defendant in this suit, the Court DENIES defendant's motion.

### I. BACKGROUND

This trademark infringement, false advertising and unfair competition case arises out a dispute between plaintiff CheckPoint Fluidic Systems ("CheckPoint") and defendants Ray Guccione ("Guccione") and RAM Repairs LLC ("RAM). CheckPoint is a limited partnership that designs, manufactures and sells chemical injection pumps. Guccione is a former employee and limited partner of CheckPoint.[2] After leaving CheckPoint,

---

[1] R. Doc. 120.

[2] Guccione continues to hold a limited partnership in the company.

Guccione became the managing partner and a thirty-six percent owner of RAM, a company that manufactures and sells chemical injection pumps called "Monkey Pumps." CheckPoint asserts that RAM and Guccione designed the Monkey Pump through the use of its confidential and proprietary information and trade secrets. As a result, CheckPoint sued Guccione and RAM for violations of the Lanham Act, trademark infringement and dilution, and false advertising.[3] Plaintiff also asserted violations of the Louisiana Trade Secrets Act, the Louisiana Unfair Trade Practice and Consumer Protection Act, state law trademark infringement, and breach of fiduciary duty.

In response, defendants filed counterclaims against CheckPoint, as well as C-Pace, LLC, the general partner of CheckPoint, and Andrew Elliott, the alleged principal of C-Pace.[4] The Court granted plaintiff's motion to dismiss these counterclaims with leave to amend.[5] After defendants amended their counterclaims, the Court granted plaintiff's motion to dismiss the amended claims.[6]

On February 8, 2012, CheckPoint filed an amended complaint naming Dyn-O-Mach, Inc. ("Dyn-O-Mach") as a defendant.

---

[3]   R. Doc. 1.

[4]   R. Doc. 9.

[5]   R. Doc. 41.

[6]   R. Doc. 108.

CheckPoint asserts that Dyn-O-Mach violated the Louisiana Trade Secrets Act and breached its confidentiality agreement with CheckPoint. CheckPoint alleges that it used Dyn-O-Mach as an outside vendor to make CheckPoint pumps. CheckPoint asserts that in this capacity, CheckPoint provided Dyn-O-Mach with trade secret and proprietary information, including pump design and fabrication drawings, under an agreement of confidentiality. CheckPoint further alleges that the RAM defendants used Dyn-O-Mach to manufacture Monkey Pumps, and that the two companies used CheckPoint's proprietary information to build these pumps.

Dyn-O-Mach now moves to dismiss. Dyn-O-Mach asserts that CheckPoint failed to properly serve Dyn-O-Mach, that Dyn-O-Mach is not a required party, and that it therefore should be dismissed or severed from the lawsuit. Plaintiff opposes the motion.

**II. DISCUSSION**

   *A. Insufficient Service of Process*

   If a party is not validly served with process, proceedings against that party are void. *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981). When service of process is challenged, the party on whose behalf service was made bears the burden of establishing its validity. *People's United Equip. Finance Corp. v. Hartmann*,

447 Fed. Appx. 522, 524 (5th Cir. 2011) (citing *Aetna*, 635 F.2d at 435).  A party can generally meet this burden by producing the return of service, which is *prima facie* evidence of the manner in which service was made.  *Id.* (citing *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993)).  "The district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process."  *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986).

CheckPoint filed its amended complaint on February 8, 2012.  The service returns in the record show that service was made on Dyn-O-Mach on February 11, 2012.  Plaintiff therefore satisfied its burden of producing *prima facie* evidence that service was made, and the burden shifts to the defendant to produce evidence showing that the service was improper.[7]  *See Seal v. Louisiana*, 2005 WL 3543836, at *2 (E.D. La. Oct. 18, 2005) (citing *Tinsley v. Comm'r*, 1998 WL 59481, at *3 (N.D. Tex. Feb. 9, 1998)).

Dyn-O-Mach does not dispute that service was made.  Rather, it asserts that process was insufficient because CheckPoint failed to include a copy of the scheduling Order along with the complaint, as required by the Scheduling Order.  Under Federal Rule of Civil Procedure 4, "[a] summons must be served with a

---

[7]  The Court also notes that service was made only a few days after the filing of plaintiff's amended complaint -- well within the 120-day period permitted under Federal Rule of Civil Procedure 4(m).  *See* Fed. R. Civ. P. 4(m).

copy of the complaint...[by] any person who is at least 18 years old and not a party". Fed. R. Civ. P. 4(c).  The Court's Scheduling Order is not a part of the procedural requirements for service of process under the Federal Rules.  That the Court Ordered "[c]ounsel adding new parties subsequent to mailing of this Notice..[to] serve on each new party a copy of this Minute Entry"[8] does not make plaintiff's service of process insufficient.  Further, Dyn-O-Mach was not prejudiced by CheckPoint's failure to include the Scheduling Order with Dyn-O-Mach's summons. CheckPoint hand-delivered a copy of the Scheduling Order to Dyn-O-Mach on March 26, 2012.  Dyn-O-Mach, therefore, has received a copy of the Scheduling Order.  Further, the Scheduling Order is part of the record accessible to Dyn-O-Mach through PACER.  Accordingly, the Court will not dismiss Dyn-O-Mach because of insufficient service of process.

*B. Joinder of Dyn-O-Mach*

"On motion or on its own, the court may at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21.  Under Rule 21, a district court has "broad discretion to sever" improperly joined parties.  *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994); *see also Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000).  Courts in the Fifth

---

[8]   R. Doc. 109.

Circuit look to Rule 20 to determine if parties have been misjoined and should be severed under Rule 21. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010). Federal Rule of Civil Procedure 20(a)(2) permits the joinder of defendants in one action if (1) plaintiff asserts a right to relief against the defendants jointly or severally; (2) that right to relief arises from a single transaction or occurrence; and (3) there is a question of law or fact common to all defendants. *See* Fed. R. Civ. P. 20(a)(2). The Fifth Circuit has described Rule 20 as creating a two-prong test that allows joinder when (1) claims arise out of the same transaction, occurrence, or series of transactions and (2) there is at least one common question of law or fact linking all of the claims. *Acevedo*, 600 F.3d at 521 (finding that the district court did not abuse its discretion in denying joinder of over 800 decertified FLSA claimants under Rule 20).

To determine what constitutes a "transaction or occurrence" for purposes of the first prong of the test allowing joinder, courts look to the definitions of these same terms in the analysis of compulsory counterclaims under Rule 13(a). *Nor-Tex Agencies, Inc. v. Jones*, 482 F.2d 1093, 1100 (5th Cir. 1973)(citing Rule 13 to affirm the district court's joinder under Rule 20(a)); *Porter v. Milliken & Michaels, Inc.*, 2000 WL 1059849, at *2 (E.D. La. Aug. 1, 2000)(relying on *Alexander v.*

*Fulton Cnty*, 207 F.3d 1303 (11th Cir. 2000)); *see also,* 7 CHARLES ALAN WRIGHT, ET. AL., FEDERAL PRACTICE AND PROCEDURE § 1653 (explaining that the transaction and occurrence test is "reminiscent" of the logical-relationship test used to determine the meaning of transaction or occurrence for purposes of Rule 13(a)). To make this determination, the Fifth Circuit considers, *inter alia*, whether the two claims raise issues of fact and law that are largely the same. *See Tank Insulation Inter., Inc. v. Insultherm, Inc.*, 104 F.3d 83, 85-86 (5th Cir. 1997) (discussing four ways that a counterclaim may be compulsory). Rule 20's second prong is satisfied s long as the parties share "some" common question of law or fact. *Porter*, 2000 WL 1059849, at *2.

"Generally, permissive joinder...under Rule 20 is at the option of the plaintiffs, assuming they meet the requirements set forth in Rule 20." *Applewhite v. Reichhold Chems., Inc.,* 67 F.3d 571, 574 (5th Cir. 1995). But, even when the Rule 20 test is satisfied, a district court may still refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness. *Acevedo*, 600 F.3d at 521 (finding that district courts have considerable discretion to deny joinder)(citing *inter alia Applewhite,* 67 F.3d at 574.)).

Dyn-O-Mach argues that it is not a required party under Federal Rule of Civil Procedure 19 and therefore should be

7

dismissed from this action pursuant to Rule 21. CheckPoint argues that joinder of Dyn-O-Mach was proper under Federal Rule of Civil Procedure 20(a). The propriety of Dyn-O-Mach's joinder depends upon satisfaction of the requirements of permissive joinder under Rule 20 and not, as Dyn-O-Mach asserts, required joinder under Rule 19. Accordingly, the Court must determine whether joinder of Dyn-O-Mach satisfies Rule 20.

The Court finds that Dyn-O-Mach was properly joined under Rule 20. CheckPoint asserts that Guccione, RAM, and Dyn-O-Mach all misappropriated CheckPoint's confidential design drawings. CheckPoint's claims against Guccione and RAM for violation of the Louisiana Trade Secrets Act and its claims against Dyn-O-Mach for violation of the same Act both will require proof that the design drawings were trade secrets and that the defendants misappropriated those secrets. Moreover, this is not a case in which the plaintiff seeks to join an alleged infringer that has no relationship with the other defendants. *See, e.g., SB Designs v. Reebok Int'l, Ltd.*, 305 F.Supp. 2d 888, 892 (N.D. Ill. 2004) (holding that joinder of an alleged infringer was improper because the complaint did not allege any relationship between the allegedly infringing acts of the would-be defendant and any other defendant); *but see Alford Safety Servs., Inc. v. Hot-Hed, Inc.*, 2010 WL 3418233, at *10 (E.D. La. Aug. 24, 2010) (denying defendant's motion to dismiss or to sever when unrelated

defendants allegedly violated the same patent); *Mannatech, Inc. v. Country Life*, *LLC*, 2010 WL 2944574, at *2 (N.D. Tex. 2010) (denying motion to dismiss or sever because unrelated defendants' products allegedly infringed the same patent). Here, CheckPoint alleges that Guccione, RAM and Dyn-O-Mach acted together to build the allegedly trademark-infringing pumps. Indeed, CheckPoint asserts its claim for violation of the Louisiana Trade Secrets Act against all three defendants. Further, the Court finds that the interests of judicial economy counsel in favor of joinder of these claims. Accordingly, the Court finds that CheckPoint's claims against Dyn-o-Mach arise out of the same transaction or occurrence as its claims against Guccione and Ram, and that there is at least one common question of law or fact linking the claims. Joinder under Rule 20 is therefore proper, and Dyn-O-Mach's motion to sever is without merit.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Dyn-O-Mach's motion to dismiss.

New Orleans, Louisiana, this 21st day of May, 2012.

*Sarah Vance*

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE