UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHECKPOINT FLUIDIC SYSTEMS INTERNATIONAL, LTD. | CIVIL ACTION |
| VERSUS | NO: 10-4505 |
| RAY GUCCIONE, SR., ET AL. | SECTION: R |

**ORDER AND REASONS**

Before the Court is RAM Repairs, LLC and Ray Guccione's motion to appeal and object to Magistrate's Order regarding the production of documents. The close of discovery did not affect discovery requests already pending, but the Court finds the Magistrate's Order at issue to be overly broad. The Court therefore GRANTS in part and DENIES in part defendants' motion. The Magistrate's Order is modified to require RAM to produce to CheckPoint by October 10, 2012 all *drawings* related to Monkey Pumps sent by RAM to Stratus that were not previously produced.

I.  BACKGROUND

This trademark infringement, false advertising and unfair competition case arises out a dispute between plaintiff CheckPoint Fluidic Systems and defendants Ray Guccione and RAM Repairs LLC. In December 2010, CheckPoint filed suit against Guccione and RAM Repairs, alleging that defendants used CheckPoint's confidential and proprietary information to make RAM

Repairs products, Monkey Pumps.[1] In February 2012, CheckPoint amended its complaint to add as a defendant Dyn-O-Mach, the company that produced Monkey Pump parts.[2] CheckPoint alleges that while deposing RAM's corporate representative, Richard Ellis, on May 31, 2012, CheckPoint learned for the first time that RAM used a machine shop called Stratus Fabrication in its production of Monkey Pumps.[3] Ellis testified that RAM provided Stratus with drawings from Dyn-O-Mach.[4]  On June 15, 2012, Checkpoint issued a request for production to defendants concerning materials provided by RAM to Stratus.[5]

After defendants objected to the request for Stratus documents as exceeding the scope of discovery, CheckPoint filed a motion to compel the production of these documents on July 18, 2012.[6] Judge Shushan ruled on the motion to compel on August 13, 2012, requiring RAM to identify by Bates number all documents submitted to Stratus and to provide to CheckPoint all of the documents not already produced.[7] Defendants contend that because

---

[1]     R. Doc. 1.

[2]     R. Doc. 113.

[3]     R. Doc. 286-1 at 2-3.

[4]     *Id.* at 3.

[5]     R. Doc. 286-4; 286-5.

[6]     R. Doc. 242.

[7]     R. Doc. 279.

the Magistrate Order was granted after the parties' pre-trial conference on August 7, 2012, during which this Court stated that discovery had concluded, defendants are not obligated to comply with the Order compelling production, which defendants argue is overly burdensome.

## II. DISCUSSION

During the pre-trial conference, the Court learned that many documents containing sensitive information had not been shown to witnesses who would be asked to testify about them at trial. The Court thus ordered that the appropriate individuals from the witness lists be shown the documents and that any ensuing changes to the witnesses' deposition testimony be disclosed to the opposing party.[8] By stating that no other discovery would be permitted, the Court prohibited new discovery requests that were not directly tied to the review by witnesses of previously redacted exhibits. Defendants are incorrect in contending that the Court's comments were intended to foreclose any discovery requests that had been timely filed.

But, the Court finds the Order compelling production to be overly broad. The Court may modify a Magistrate Order that it finds to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The Magistrate's Order

---

[8]   R. Doc. 282.

required defendants to produce all documents submitted by RAM to Stratus that had not been provided earlier. The Order did not limit production to drawings or to documents that relate to the production of Monkey Pumps. At this late stage in the litigation, the Court finds that requiring defendants to produce all documents ever sent to Stratus is too burdensome and unlikely to uncover relevant evidence. The Court therefore finds that the Magistrate's Order was clearly erroneous and modifies the Order in the following manner: RAM shall identify by Bates number all drawings submitted by RAM to Stratus that relate to the production of Monkey Pumps. Any identified drawings that were not previously produced during discovery shall be produced to CheckPoint by October 10, 2012.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part defendants' motion. The Magistrate Order issued on August 13, 2012 is modified accordingly.

New Orleans, Louisiana, this 26th day of September, 2012.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE